Jared J. Braithwaite (UT State Bar No. 12455)
jbraithwaite@foley.com
Hannah L. Andrews (UT State Bar No. 18157)
handrews@foley.com
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, Utah 84111
Telephone: (801) 401-8900

Attorneys for Plaintiff DAZ Production Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DAZ Production, Inc.,**<br><br>        Plaintiff,<br><br>v.<br><br>**Ready Player Me OÜ**,<br><br>        Defendant. | Civil No. 2:25-cv-00036<br><br>**Complaint**<br><br>**Jury Demanded**<br><br>District Judge _____ |

Plaintiff DAZ Productions, Inc. complains against Defendant Ready Player Me OÜ and hereby alleges as follows:

### The Parties

1.      Plaintiff DAZ Productions, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 7533 South Center View Court #4664, West Jordan, Utah 84084.

2.      DAZ is also the owner of U.S. Trademark Registration No. 4,448,187 for the GENESIS Trademark.

3.     On information and belief, Defendant Ready Play Me OÜ ("RPM") is an Estonian business entity with registration code 12583780 and with its principal place of business located at Pärnu maakond, Pärnu linn, Pärnu linn, Pardi tn 2d, 80015, Republic of Estonia.

**Nature of the Dispute**

4.     This is an action for infringement of DAZ's federally-registered trademark rights under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) and for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, each arising from the RPM's unauthorized use of DAZ's trademark in connection with the marketing, advertising, promotion, offering for sale, and/or sale of RPM's products and services.

**Jurisdiction & Venue**

5.     This is a civil action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125. This Court's jurisdiction is founded upon 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, and 1338(a).

6.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 15 U.S.C. § 1121.

7.     This Court has personal jurisdiction over RPM because, as alleged herein, RPM's activities are directed continuously and systematically toward the State of Utah including RPM's use of the GENESIS Trademark.

8.     Venue is proper in this District under 28 U.S.C. § 1391 because DAZ resides in this district and RPM is a foreign entity that has committed acts of infringement in this district and because it is not resident in the U.S. and may be sued in this district.

**BACKGROUND**

***DAZ and Its Trademark Rights***

9.      DAZ Productions, Inc. goods and services include a rendering platform and marketplace that uses a variety of tools to interact with its customer base. Initially started as the Digital Art Zone in 2000, DAZ focused on the development of 3D figures directed to the artist market.

10.      DAZ is a leader in 3D technology and continues to drive efforts at the forefront of digital creativity and expression. DAZ provides 3D human models, associated accessory content, and software.

11.      Since at least May 26, 2011, DAZ has used the mark GENESIS in connection with its 3D figure platform. This platform allows the user to create and customize digital characters and creatures with personalized facial and skin features, expressions, and clothing. Importantly, the GENESIS mark informs the users that content designated on a GENESIS planform is interoperable.



12.     DAZ offers a variety of goods and services in association with its GENESIS

branded platform including shapes, emotional expressions, physical features, and clothing:



13.     DAZ has obtained significant consumer goodwill and brand recognition in its GENESIS trademark in the United States. As a result of its investments in its brand and the goodwill established in the marketplace for its work,

14.     As a result of its widespread, continuous, and exclusive use of GENSIS to identify its goods and service and DAZ as their source, DAZ owns valid and subsisting federal statutory and common law rights to the GENESIS trademark.

15.     DAZ is the owner of valid and subsisting United States Trademark Registration No. 4,448,187 and (the "'187 Registration") for the GENESIS trademark for "computer graphics software for generating two-dimensional and three-dimensional static and animated characters" in Classes 9 and 42.

16.     The registration certificate for the '187 Registration is attached as Exhibit 1. The '187 Registration together with DAZ's non-registered trademark rights in its trademark are collectively referenced herein as the "GENESIS Trademark."

17.     The GENESIS Trademark is distinctive to both the consuming public and DAZ's trade.

18.     DAZ has expended substantial time, money, and resources marketing, advertising, and promoting the services sold under the GENESIS Trademark including through DAZ's work product, promotional advertising, marketing, and sales.

19.     As a result of DAZ's expenditures and efforts, the GENESIS Trademark has come to signify the high quality of the goods and services designated by the GENESIS Trademark, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to DAZ.

*RPM's Infringement of DAZ's GENESIS Trademark*

20.    Upon information and belief, RPM is a computer avatar creation platform geared toward customizing the appearance of avatars for use in computer games and applications.

21.    Without DAZ's authorization, and upon information and belief, beginning after DAZ acquired protectable exclusive rights in its GENESIS Trademark, RPM incorporated the GENESIS Trademark into the name of certain of its goods and services and improperly used the GENESIS Trademark in commerce.

22.    In October 2024, RPM launched its avatar collectible platform entitled PlayerZero Web3 which provides personalization of avatars. In conjunction with PlayerZero, RPM has used the mark "Genesis" in connection with NFT collections for avatars and its avatar creation platform. RPM impermissibly uses "Genesis" to refer to goods and services.

23.    RPM's use of the Genesis mark has been published on RPM's playerzero.me website and social media platforms such as X (formerly known as Twitter), and directed to consumers nationwide, including in Utah.

24.    For example, as of the date of filing of this complaint, RPM maintains an account on X which prominently displays the "Genesis" mark in advertising and similarly on the homepage of playerzero.me:







25.     RPM's use of "GENESIS" is similar or identical to DAZ's GENESIS Trademark. Additionally, RPM often refers to its goods and services as merely "Genesis," which is likely to cause confusion regarding association with DAZ or DAZ's own products and services that use the GENESIS Trademark.

26.     RPM's uses of "Genesis" have caused media platforms throughout the United States to misuse the GENESIS Trademark in reference to RPM causing confusion as the source, sponsorship or affiliation of RPM and DAZ. For example, an article published on December 10,

2024, by GamesBeat referenced RPM's PlayerZero platform as well as its new NFT collection entitled Genesis:



**Introducing Genesis: Limited Edition**

Web3-based PlayerZero avatars from Ready Player Me.

Building on the success of Collection ZERO, PlayerZero is unveiling Genesis: Limited Edition, its first premium NFT collection.

Designed for high-value collectors, Genesis features limited availability and six rarity tiers. It has narrative-driven art. The collection tells the story of a celestial Hero and a chaotic Villain, representing the duality of light and chaos. Items from Genesis are designed for immediate use, enhancing avatars and showcasing rare, exclusive digital fashion.

"Genesis is about elevating the collector experience while staying true to our mission of empowering users with interoperable identities," said Töke.

[1]

27.    RPM's infringement and misuse of the GENESIS Trademark is likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the RPM's goods and services and have and are likely to deceive the relevant

---

[1] https://venturebeat.com/games/ready-player-mes-player-zero-sees-momentum-for-web3-collectible-avatars/

consuming public into believing, mistakenly, that RPM's goods and services originate from, are associated or affiliated with, or otherwise authorized by DAZ.

28.    RPM's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to DAZ and to its valuable reputation and goodwill with the consuming public for which DAZ has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement 15 U.S.C. § 1114**

29.    DAZ re-alleges and incorporates the foregoing paragraphs as though fully set forth hereat.

30.    RPM has used and continues to use the registered GENESIS Trademark in connection with its goods and services for computer generated avatars.

31.    RPM's unauthorized use in commerce of the registered GENESIS Trademark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of RPM's goods and services, and is likely to cause consumers to believe, contrary to fact, that RPM's goods and services are sold, authorized, endorsed, or sponsored by DAZ, or that RPM is in some way affiliated with or sponsored by DAZ. RPM's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

32.    Upon information and belief, RPM has committed the foregoing acts of infringement with full knowledge of DAZ's prior rights in the registered GENESIS Trademark.

33.    RPM's conduct is causing immediate and irreparable harm and injury to DAZ, and to its goodwill and reputation, and will continue to both damage DAZ and confuse the public unless enjoined by this court. DAZ has no adequate remedy at law.

34.     DAZ is entitled to, among other relief, injunctive relief and an award of actual damages, RPM's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**SECOND CLAIM FOR RELIEF**
**Unfair Competition/False Designation of Origin 15 U.S.C. § 1125**

35.     DAZ re-alleges and incorporates the foregoing paragraphs as though fully set forth hereat.

36.     RPM's use of the registered GENESIS Trademark is deceptive and likely to cause mistake and confusion regarding whether RPM's goods and services originate from DAZ, or are sponsored, or approved of, by DAZ.

37.     By its aforementioned acts, RPM has infringed DAZ's federal trademark rights in the GENESIS Trademark in violation of Section 32 of the Lanham Act, 15 U.S.C § 1125(a).

38.     Upon information and belief, RPM has committed the foregoing acts of infringement with full knowledge of DAZ's prior rights in the registered GENESIS Trademark.

39.     RPM's conduct is causing immediate and irreparable harm and injury to DAZ, and to its goodwill and reputation, and will continue to both damage DAZ and confuse the public unless enjoined by this court.

40.     DAZ has suffered damages as a result of RPM's unlawful actions.

41.     Pursuant to 15 U.S.C. § 117, DAZ is entitled to damages.

**PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing allegations and claims, DAZ requests the following relief and prays that the Court award its judgment against RPM:

11

A.   Judgment that RPM has infringed DAZ's rights in the GENESIS Trademark;

B.   Judgment that RPM has committed acts of unfair competition;

C.   DAZ be granted preliminary and permanent injunctive relief pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), enjoining RPM, its officers, agents, servants, employees, and all those persons in active concert or participation with any of them from further acts of infringement and unfair competition with respect to DAZ's rights in the GENESIS Trademark;

D.   An award of damages and RPM's profits, costs, attorneys' fees, and punitive damages for RPM's acts of infringement and unfair competition;

E.   As part of final judgment, the Court declare that this is an exceptional case under 15 U.S.C. § 1117, and award DAZ its attorneys' fees; and

F.   DAZ be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DAZ demands trial by jury on all claim and issues so triable.

Dated: January 15, 2025.                    Respectfully submitted,

FOLEY & LARDNER LLP

By:  */s/ Jared J. Braithwaite*
                    Jared J. Braithwaite
                    Hannah L. Andrews

                    Attorneys for Plaintiff
                    DAZ Productions, Inc.